UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSE SILVA, on behalf of himself and others similarly situated,

Plaintiff,

v.

UNIFUND CCR, LLC; and PILOT RECEIVABLES MANAGEMENT, LLC,

Defendants.

C14-799 TSZ

ORDER AND JUDGMENT

THIS MATTER comes before the Court on the parties' joint motion for final approval of class action settlement, docket no. 31, plaintiff's unopposed motion for an incentive award, attorney's fees, and costs, docket no. 32, and a stipulated motion to seal, docket no. 37.  Having considered all papers filed in connection with the pending motions,[1] and having conducted a hearing on June 16, 2016, at which no class member appeared to object to or comment on the proposed class action settlement, *see* Minutes (docket no. 36), the Court enters the following Order and Judgment.

On December 28, 2015, the Court certified for settlement purposes a class and three subclasses, appointed plaintiff Jose Silva as the Class Representative, and appointed

---

[1] Pursuant to the Court's requests, the parties supplemented their joint motion for final approval of class action settlement with declarations from (i) defendants' counsel, docket no. 34, (ii) the case manager for the administrator, First Class, Inc., docket no. 35, and (iii) a paralegal employed by defendant Unifund CCR, LLC, docket no. 38, the exhibits to which have been filed under seal.

ORDER AND JUDGMENT - 1

1  Aaron D. Radbil of Greenwald Davidson Radbil PLLC as Class Counsel.  Order (docket
2  no. 28).  On February 11, 2016, the Court approved a form of notice to be sent via U.S.
3  mail to all class members and required that defendants or their designees maintain a
4  dedicated website from which class members could obtain a copy of such notice, an opt-
5  out form, and other materials related to this litigation.  Order (docket no. 30).  Notices
6  were mailed by the administrator (First Class, Inc.) on March 11, 2016, to 687 class
7  members.  Kernick Aff. at ¶ 6 (docket no. 31-1).  Sixty (60) of these notices have been
8  returned as undeliverable.  Kernick Supp. Aff. at ¶ 5 & Ex. B (docket no. 35).  The
9  required website has been "live" since March 8, 2016, and has received 577 "visits" as of
10  June 15, 2016.  *Id.* at ¶¶ 2-4 & Ex. A.

11      Pursuant to 28 U.S.C. § 1715(b), counsel for defendants sent to the United States
12  Attorney General and the State of Washington's Department of Licensing's Collection
13  Agencies Board ("DOL Board") two notices, one in February 2015 and one in July 2015.
14  Abes Decl. at ¶¶ 5-9 & 12-13 (docket no. 34).  Attached to each notice was a copy of a
15  Settlement Agreement that the Court declined to approve.  *See* Minute Orders (docket
16  nos. 21 & 26).  The Settlement Agreement preliminarily approved by the Court, *see*
17  Order (docket no. 28), was never sent to or served on the U.S. Attorney General or the
18  DOL Board.  *See* Abes Decl. at Exs. 1 & 4 (docket no. 34).  Nevertheless, the Court is
19  satisfied that the notice requirements of 28 U.S.C. § 1715(b) were substantially met, and
20  that the 90-day period described in 28 U.S.C. § 1715(d), between service of the notice
21  and the date of issuance of this Order and Judgment, has elapsed.

22

23

ORDER AND JUDGMENT - 2

Three (3) individuals have requested exclusion from the class and the settlement of this matter: Michael Robert Gerlach of Arlington; Lloyd Kenneth Brauner of Loon Lake; and Amy Elyse of Seattle. Radbil Decl. at ¶ 18 & Ex. A (docket no. 32-1). Accordingly, this Order and Judgment shall not bind or affect those three (3) individuals. Of the sixty (60) class members to whom notice was not delivered, fifty-three (53) are members of the Additional Damages Paid-As-Set-Off Subclass. Andres Decl. at ¶ 3 (docket no. 38). The remaining seven (7) class members are members of the Additional Damages Paid-As-Cash Subclass. *Id.* at ¶ 4; *see also* Ex. C to Andres Decl. (docket no. 39 at 8). Other than using the forwarding address service of the United States Postal Service, no effort was made to locate these seven (7) class members. *See* Kernick Aff. at ¶¶ 4 & 7-8 (docket no. 31-1).

In light of the foregoing information, the Court ORDERS as follows:

1. The parties' stipulated motion to seal, docket no. 37, is GRANTED. Exhibits A, B, and C to the Declaration of Elizabeth Andres, docket no. 39, which contain the names, last-known addresses, and other identifiers of certain class and subclass members, shall remain under seal.

2. The parties' joint motion for final approval of class action settlement, docket no. 31, is GRANTED. The Court is satisfied that class members received the "best notice that is practicable under the circumstances." *See* Fed. R. Civ. P. 23(c)(2)(B). Of the sixty (60) class members for whom current contact information is unavailable, only seven (7) are at risk of receiving no benefit from the settlement; such individuals' rights, however, can be adequately protected by the procedures set forth in this Order and Judgment. The

ORDER AND JUDGMENT - 3

Court therefore APPROVES the Settlement Agreement, docket no. 27-1, as being, in all respects, fair, reasonable, adequate, in the best interests of the Class and Subclasses, and the result of non-collusive, arm's-length negotiations.

3.   Within thirty (30) days of the Finality Date,[2] defendants shall pay (i) actual damages to each member of the Actual Damages Subclass in the amounts set forth in Exhibit A to the Declaration of Elizabeth Andres, docket no. 39, which total $10,956.72, (ii) additional damages in the amount of $125 to each member of the Additional Damages Paid-in-Cash Subclass, and (iii) additional damages in the amount of $125 to each member of the Additional Damages Paid-As-Set-Off Subclass, in the form of a set-off against each such Subclass Member's outstanding obligation.  Michael Robert Gerlach of Arlington, Lloyd Kenneth Brauner of Loon Lake, and Amy Elyse of Seattle have opted out of the Class and their respective Subclasses, and shall not be entitled to any of the payments described in this paragraph.

4.   With respect to the seven (7) members of the Additional Damages Paid-in-Cash Subclass for whom current contact information is unavailable, within thirty (30) days of the Finality Date, defendants shall deposit the sums owed to such individuals, the aggregate balance of which is $875, into the Registry of the Court.  In addition, if any payments required by Paragraph 3, above, are returned as undeliverable, defendants shall, within thirty (30) days thereafter, deposit the equivalent funds into the Registry of the

---

[2] "Finality Date" is defined in the Settlement Agreement to mean "the date after which the Court enters final judgment, and the time to appeal the final judgment expires without appeal, or any appeal is finally dismissed, or the final judgment is affirmed and not subject to review by any court." Settlement Agr. at ¶ 2.9 (docket no. 27-1).

ORDER AND JUDGMENT - 4

Court.  The amounts described in this paragraph shall remain in the Registry of the Court for two years after the Finality Date.  During this period, defendants shall post on any web pages or social media sites that they maintain, and on the dedicated website for this litigation, a list of persons entitled to payment from the Registry of the Court and a description of the following process for obtaining such funds.  An individual may seek his or her share of the principle balance held in the Registry of the Court by contacting Class Counsel Aaron D. Radbil of Greenwald Davidson Radbil PLLC, who shall confirm with defendants that such person is entitled to a portion of the funds in the Registry of the Court and who shall promptly make application for an order of disbursement pursuant to Local Civil Rule 67(b).  Such individual must provide his or her social security number to Class Counsel, so that it may be telephonically provided to the Clerk.  *See id.*  Class Counsel's address, telephone number, and e-mail address shall be included on the web pages and/or social media sites referenced above.  If any funds remain in the Registry of the Court after two years following the Finality Date, defendants may obtain the outstanding principal balance plus all accrued interest, minus any statutory users fees, by filing a motion pursuant to Local Civil Rule 67(b).

       5.       The claims of each member of the Class that were or could have been asserted in this action are hereby DISMISSED with prejudice, provided that:

       a.       Michael Robert Gerlach of Arlington, Lloyd Kenneth Brauner of Loon Lake, and Amy Elyse of Seattle, who have opted out of the Class, are not bound by this dismissal; and

ORDER AND JUDGMENT - 5

    b. Any member of the Actual Damages Subclass or of the Additional Damages-Paid-in-Cash Subclass (i) to whom a check for a payment required by Paragraph 3, above, was not issued because a current address is unavailable or to whom a check was issued, but was returned as undeliverable, and (ii) who has not, within two years after the Finality Date, contacted Class Counsel Aaron D. Radbil to seek disbursement of an appropriate amount from the Registry of the Court, is not bound by this dismissal.  Defendants are encouraged to use reasonable efforts to locate any such Subclass members to ensure that they receive the benefits of, and are bound by, the settlement in this matter.

  6. Plaintiff's unopposed motion for an incentive award, attorney's fees, and costs, docket no. 32, is GRANTED.  Class Representative Jose Silva is AWARDED $1,000 in additional damages and $2,500 as an incentive fee, for a total of $3,500, which is a fair and reasonable amount to compensate him for the time, effort, and risk he undertook in service to the Class.  Class Counsel Aaron D. Radbil of Greenwald Davidson Radbil PLLC is AWARDED $45,000 in attorney's fees and costs, which is a fair and reasonable amount in light of the work that he and others in his firm performed, the results achieved in this litigation, and the purposes of the Fair Debt Collection Practices Act, pursuant to which this action was brought.  Defendants shall make the payments described in this paragraph to Class Representative Jose Silva and Class Counsel Aaron D. Radbil, respectively, within ten (10) days of the Finality Date.

  7. Judgment is hereby ENTERED for purposes of Federal Rules of Civil Procedure 58 and 79, and the time period for filing any notice of appeal shall commence

1  on the date of entry of this Order and Judgment.  Without affecting the finality of this

2  Order and Judgment, the Court retains continuing and exclusive jurisdiction over the

3  interpretation, consummation, and enforcement of the Settlement Agreement, distribution

4  of payments required therein, and disposition of all funds deposited into the Registry of

5  the Court.  The Clerk is DIRECTED to send a copy of this Order and Judgment to all

6  counsel of record and to CLOSE this case.

7      IT IS SO ORDERED.

8      Dated this 28th day of July, 2016.

*(signature)*

Thomas S. Zilly
United States District Judge

ORDER AND JUDGMENT - 7